UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN STARR, | No. 2:13-cv-00006-KJM-AC |
| Petitioner, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Respondents. | |

On May 31, 2013, this court adopted the magistrate judge's recommendation to deny as successive petitioner's application for a writ of habeas corpus, which the court construed to be brought under 28 U.S.C. § 2254. (ECF 6.) On June 17, 2013, petitioner filed a notice of appeal and a motion to proceed on appeal in forma pauperis (ECFs 8–9), which the assigned magistrate judge denied on June 20, 2013, because petitioner had not moved to proceed in forma pauperis in the district court and because the appeal was not taken in good faith (ECF 10). Petitioner subsequently filed objections to the magistrate judge's denial of his in forma pauperis motion (ECF 12), and on July 26, 2013, filed additionally a motion to vacate, a motion to proceed in forma pauperis, a motion to compel discovery, and a motion to appoint counsel (ECFs 13–16).

If petitioner seeks reconsideration of the court's order adopting the recommendation of dismissal he has not followed the correct procedure. "To seek Rule 60(b)

1   relief during the pendency of an appeal, the proper procedure is to ask the district court whether it
2   wishes to entertain the motion, or to grant it, and then move [the Court of Appeal], if appropriate,
3   for remand of the case." *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2002) (internal
4   quotation marks & citation omitted).

5         If petitioner seeks reconsideration of his request to proceed in forma pauperis on
6   appeal, the court denies the motion. As the magistrate judge observed, petitioner's application is
7   successive. (ECF 5 at 1.)

8         On August 6, 2013, the Ninth Circuit remanded this case for the limited purpose of
9   granting or denying a certificate of appealability. (ECF 19.) A certificate of appealability may
10  issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial
11  of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has instructed that a
12  petitioner must show that "reasonable jurists could debate whether . . . the petition should have
13  been resolved in a different manner or that the issues presented were adequate to deserve
14  encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the
15  court has found previously that petitioner's application is successive, the court concludes that
16  reasonable jurists would not debate the resolution of the issues in petitioner's underlying section
17  2254 application and declines to issue a certificate of appealability.

18        Petitioner's pending motions (ECFs 13–16) are denied.
19        IT IS SO ORDERED.
20  DATED: August 8, 2013.

                        UNITED STATES DISTRICT JUDGE

2